Singh v. Sessions

BIA
Vomacka, IJ
A200 239 747

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of November, two thousand seventeen.

PRESENT:
> JOSÉ A. CABRANES,
> GERARD E. LYNCH,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

MALEK SINGH,
> *Petitioner,*

> v.                                    16-458
>                                       NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

| | |
|---|---|
| **FOR PETITIONER:** | Amy Nussbaum Gell, Gell & Gell, New York, NY. |
| **FOR RESPONDENT:** | Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Anthony C. Payne, Assistant Director; Liza S. Murcia, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Malek Singh, a native and citizen of India, seeks review of a January 19, 2016, decision of the BIA affirming an August 22, 2014, decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Malek Singh,* No. A 200 239 747 (B.I.A. Jan. 19, 2016), *aff'g* No. A 200 239 747 (Immig. Ct. N.Y. City Aug. 22, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 165-66 (2d Cir. 2008).

The agency may, "[c]onsidering the totality of the circumstances, . . . base a credibility determination on the

demeanor, candor, or responsiveness of the applicant or witness," or on inconsistencies or omissions in an applicant's oral and written statements and other record evidence, regardless of whether any such discrepancies "go[] to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin,* 534 F.3d at 163-64, 166-67.  "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 167.  The adverse credibility determination in the present case is supported by substantial evidence.

The agency reasonably relied on multiple inconsistencies in Singh's statements regarding his level of participation in the Indian National Lok Dal party ("Lok Dal").  He gave changing statements about whether he was involved with protests, and whether he was a member.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 166-67.  The agency was not compelled to accept Singh's explanations that he did not remember the protests at the time he wrote his application and that he was scared during the credible fear interview.  *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) ("A petitioner must do more

3

than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony."(quotation marks and citation omitted)).

The adverse credibility determination is bolstered by inconsistencies in Singh's statements about whether and when he was warned about his political activity and his lack of coherent responses to questions about the warnings. *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony."). And the agency also reasonably relied on Singh's evolving and often contradictory explanations for why a letter from Lok Dal was filed late because it reflected a lack of familiarity with his own evidence. *See Xiu Xia Lin*, 534 F.3d at 167 (holding that "an IJ may rely on *any* inconsistency . . . as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible").

Nor could Singh provide any explanation of an identical error that appeared in his asylum application and two affidavits

4

allegedly independently written and prepared in India. *See Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 524 (2d Cir. 2007) ("[S]triking similarities between affidavits are an indication that the statements are 'canned.'"). Singh's additional arguments were not properly exhausted and will not be considered. His contentions that the IJ failed to develop the record and gave too much weight to his credible fear interview were not raised before the agency. *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004) (requiring exhaustion of issues before the agency).

Given the foregoing findings, substantial evidence supports the adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167; *Xian Tuan Ye v. U.S. Dep't of Justice*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that "a material inconsistency in an aspect of [an applicant]'s story that served as an example of the very persecution from which he sought asylum . . . afford[s] substantial evidence to support the adverse credibility finding" (internal quotation marks omitted)). Contrary to Singh's argument, the adverse credibility determination was dispositive of all relief because it called into question his political activities and past harm, thus

infecting his allegation that the police refused to help him. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("So a single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence."); *see also Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6